PER CURIAM:
Maximum medical improvement date is the maximum concern to claimant (petitioner) here. A later date would of course extend total benefits by whatever later time the 30% permanent partial disability of the right arm award would start. The able Judge of Industrial Claims made a finding of October 31, 1967, although the treating physician testified to October 18, 1965, and made reference to an October 23, 1965, medical report by him which gave a rating. The dates, both in October of succeeding years, 1967 and 1968, are even suggestive of a possible scrivener’s error of the year used. In any event, there does not appear to be competent supporting evidence of the 1967 date and accordingly, in this respect only, certiorari is granted and the cause remanded to the I.C. Judge to find such correct date of maximum improvement from which the permanent partial shall run under the statute and to make such further award for any increased attorney’s fee for such increased benefits as may appear.
*137 Findings of the I.C. Judge against the other two contested points: (1) that the percentage of disability should have been of the body as a whole, rather than of the arm only, and (2) alleged future medical care required are amply supported by the evidence.
Order of the Industrial Relations Commission is accordingly reversed to the extent outlined and the matter is remanded to the I.C. Judge for further proceedings not inconsistent herewith. In all other respects, the Commission’s order is affirmed.
For his successful proceeding before this Court, the petitioner’s attorney is awarded the sum of $500.00.
ROBERTS, C. J., and ERVIN, BOYD, McCAIN and DEKLE, JJ., concur.